Henry A. Hudson, J.
The applicant has moved the court for permission to file a late claim pursuant to the provisions of section 50-e of the General Municipal Law. The moving papers indicate that the petitioner relies on the provisions of subdivision 5 of section 50-e, namely, that the applicant was physically incapacitated during the period of 90 days following the accident and upon the further ground that he justifiably relied upon settlement representations by an authorized representative of the insurance carrier of the Village of Frankfort.
Upon the argument of the motion, however, it was conceded by the applicant that negotiations with the insurance carrier which he set forth in his moving papers, had erroneously been stated by him to have been with the insurance carrier and agent of the Village of Frankfort whereas in fact the insurance carrier or agent involved had been the one or ones representing the owner of the property in front of which the applicant was injured. This leaves, therefore, only the question of physical incapacity of the applicant which would have excused the late filing.
The late filing in question occurred some 5 days after the expiration of the 90-day limitation placed upon the filing of a claim by section 50-e of the General Municipal Law so that the period of time involved in the late filing was indeed short.
The affidavit of the applicant in respect to the period of his disability merely stated that he was confined in the Ilion Hospital for two weeks after his injury and “ has been confined to his home since April 24th until the 28th day of July, 1960 ”. The applicant was injured April 24, 1960. It appears from the affidavit that the applicant consulted at length with the representatives of an insurance company and supplied sworn statements as to the manner and extent of his injuries during the period of his alleged disability. No facts are stated from which the court could determine the extent or nature of the applicant’s disability at home and no affidavits of any physician have been furnished supporting the applicant’s claim of disability. The moving papers are, in my opinion, insufficient to establish the disability envisioned in subdivision 5 of section 50-e of the General Municipal Law.
While the delay in filing was very short, the courts have consistently held that the 90-day Statute of Limitations fixed under subdivision 1 of section 50-e of the General Municipal Law, must be strictly construed. In Matter of White v. City of New York (285 App. Div. 69) a delay of one day in filing notice of claim was held to be fatal. The limitations on the discretionary power of the court to allow late filing are there succinctly stated.
*817 The applicant’s motion for permission to file his claim late is denied, without costs.
The Village of Frankfort filed a cross motion seeking an order declaring null and void the service of the notice of claim in this proceeding and in view of the court’s decision on the applicant’s motion, the cross motion now becomes academic.