◼ In the Matter of MICHAEL J. KLOBNOCK, Respondent, v CITY OF NEW YORK, Appellant. — In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim against the City of New York, the city appeals from an order of the Supreme Court, Kings County, dated March 24, 1980, which granted the petition. Order reversed, on the law, without costs or disbursements, and petition dismissed. It was an abuse of discretion for Special Term to grant petitioner leave to serve a late notice of claim because, in his supporting papers, petitioner conceded that he was not disabled for such a substantial period of time following the accident so as to prevent his filing a timely notice of claim. In fact, petitioner went so far as to state that he was "able to investigate the circumstances of the accident during a brief interval" within 90 days of the accident. Such an admission belies petitioner's contention that his disability prevented him from consulting an attorney during the same period. Moreover, the affidavit submitted by his physician also reveals that petitioner was not so incapacitated as to prevent the timely filing of a notice of claim. In any event, both affidavits are insufficient because they fail to set forth enough information from which the extent and duration of petitioner's disability can be ascertained (see Marquart v County of Erie, 36 AD2d 578; see, also, Matter of Phillips v Village of Frankfort, 31 Misc 2d 815). Further, the petition must be dismissed because the proposed notice of claim is too vague. The notice merely describes the location of the pothole as being "near the Humbolt [sic] Street exit of the Brooklyn Queens Expressway." The notice fails to state what direction petitioner was traveling, in which lane the pothole was located, whether the pothole was before. or after the exit, and approximately how far it was from the exit. While concededly petitioner could not give an exact measurement of the distance from the exit, he could at least have given the foregoing information. Accordingly, the notice did not substantially comply with the statute (see Schwartz v City of New York, 250 NY 332, 335). Gibbons, J.P., Rabin, Gulotta and Margett, JJ., concur.