## (October 1, 1981)

■ ADELPHIA LAMPS & SHADES, INC., Doing Business as REMINGTON LAMP Co., et al., Appellants, v 41 MADISON AVENUE COMPANY, Respondent. — Judgment, Supreme Court, New York County (Tyler, J.), entered September 3, 1980, unanimously modified, on the law, to the extent of striking therefrom the third decretal paragraph, and otherwise affirmed, without costs. In the second decretal paragraph, Special Term "ORDERED and ADJUDGED that the [subject] escalation clauses contained in the lease agreements of [plaintiffs] * * * are not unconscionable".* The stricken third paragraph, however, went on to dismiss the complaint. "It was error * * * to dismiss the complaint in this action for a declaratory judgment merely because the plaintiffs were not entitled to the declaration sought by them" *(Lanza v Wagner,* 11 NY2d 317, 334); and "the motion [to dismiss] should be taken as defendant's motion for a declaration in his favor and treated accordingly" (Siegel, New York Practice, § 440, p 584; see, also, 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.13, p 30-97). Concur — Murphy, P.J., Markewich, Silverman and Fein, JJ.

■ JUSTINIANO TANCO, an Infant, by His Mother and Natural Guardian, CARMEN AYUSO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. — Order, Supreme Court, New York County (Shainswit, J.), entered June 4, 1980 granting, application of claimant for leave to serve a late notice of claim for personal injuries as well as loss of services, unanimously modified, on the law and on the facts, without costs, to deny the application of the plaintiff mother for leave to serve a late notice of claim for loss of services, and otherwise affirmed. On April 10, 1979, the infant plaintiff, then 11 years old, allegedly sustained an injury as a result of a defective condition in the stairway of a building owned and operated by respondent. Plaintiff's mother moved on March 21, 1980 for leave to serve late notices of claim for personal injuries on behalf of her child as well as for her own loss of services. Special Term granted the motion and the respondents appeal. As to that aspect of the order granting leave to file a notice of claim on behalf of the infant for personal injuries, we are satisfied that the infancy of that claimant justifies Special Term's exercise of discretion notwithstanding the presence of other factors that might have supported a contrary result. As to the mother's claim for loss of services, consideration of the criteria set forth in subdivision 5 of section 50-e of the General Municipal Law requires denial of that application. The lengthy period of delay (some 11 months), the unreported character of the event, the total absence of any information to the respondent or any of its agents of the fact of the accident, combine to confirm that the possibility of prejudice to the respondent is here substantial. The circumstance that the plaintiff mother is Spanish speaking, and arguably less aware than the average person of her legal rights, is not sufficient to overcome the cumulative effect of the other factors presented. Concur — Murphy, P.J., Kupferman, Sandler, Fein and Lynch, JJ.

---

* We interpret this as meaning that the court so "declared" (CPLR art 30), though that word is not used, nor, indeed is it found in the complaint's prayer. Our interpretation of what Special Term meant by this is bolstered by the memorandum opinion, which grants summary judgment "to the extent of declaring on the merits that Article 23 [of the leases] is not unconscionable". Though not such in form, this is a declaratory judgment action, incorrectly described in appellants' CPLR 5531 statement as one seeking "reformation of escalation clauses".