■ EDWARD B. FLYNN, JR., Respondent, v CITY OF LONG BEACH, Appellant. — In a negligence action to recover damages for personal injuries, defendant City of Long Beach appeals from an order of the Supreme Court, Nassau County (Vitale, J.), dated September 14, 1982, which granted plaintiff's application pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to file a late notice of claim. Order affirmed, without costs or disbursements. On July 21, 1981, at approximately 7:25 P.M., a motor vehicle operated by plaintiff struck a pole supporting traffic control signs located at the intersection of New York Avenue and Oceanview Street in Long Beach. The impact caused the pole to fracture, pierce the bottom of the vehicle and strike plaintiff. An accident report was prepared by appellant's police department on July 22, 1981, the day after the accident. Plaintiff was rendered unconscious by the accident and was removed from the scene to Long Beach Memorial Hospital where he received emergency medical care for very serious and extensive injuries. On the same evening he was transferred to the Nassau County Medical Center where he was confined until August 24, 1981 with multiple frontal intracerebral hematomas, paralysis of the right upper extremity and both lower extremities, and lacerations of the neck. Following his discharge from the medical center on August 24, plaintiff was admitted on that same day to the Franklin General Hospital in Valley Stream. On October 12, 1981, plaintiff was transferred from the latter facility to the Rusk Institute. He returned to his home after his discharge from Rusk Institute on March 26, 1982, some eight months after the accident. Plaintiff continued his convalescence at home. The severe limitation in his physical movement has continued after his lengthy confinements in medical facilities. Plaintiff still requires the use of crutches and a walker and is still undergoing extensive physical and mental rehabilitation. The plaintiff's application for leave to file a late notice of claim was commenced by order to show cause on July 13, 1982, slightly less than one year after the accident, and three months and 18 days after he returned home from Rusk Institute. According to plaintiff's affidavit in support of his motion, he was unable to comply with provisions of section 50-e of

the General Municipal Law requiring that a notice of claim be filed within 90 days of the accident because of his physical and mental incapacity. Contrary to the assertion of the appellant city, we believe that the evidence adduced by plaintiff was sufficient to support the inference that it received effective notice of the accident a short time thereafter, and thus is not prejudiced by plaintiff's delay in seeking leave to file a late notice of claim. It is evident from documentary evidence and uncontroverted allegations contained in plaintiff's application, that not only was a police accident report filed by the city's own police department a day after the accident, but the pole struck by plaintiff's vehicle was taken into possession by the police department and photographs were taken by the police at the scene of the accident. Also, according to an entry in the records of Long Beach Hospital, a blood alcohol test was conducted upon plaintiff by the police. Thus, it may be inferred from these facts that an investigation of some depth was conducted by an agency of the city shortly after the accident, whether for the purpose of charging plaintiff with a crime, suing him for knocking over the pole, preparing a defense to a prospective civil action brought by him, or for use in any proceeding before a hearing officer of the State Department of Motor Vehicles in connection with the accident (see *Heiman v City of New York,* 85 AD2d 25, 31). We also reject the city's contention that plaintiff failed to demonstrate that his incapacity was such that it kept him from consulting his attorney and applying for permission to serve a late notice of claim during his eight months of hospitalization and the three months and 18 days subsequent thereto while he was recuperating at home. Special Term, as may be gleaned from its decision, believed that plaintiff's eight months of continuous hospitalization immediately following the accident, together with his extensive physical and mental rehabilitation at home thereafter, was the primary, if not sole factor, for his failure to file a timely notice of claim, and accordingly it exercised its broad discretionary powers to grant leave to file a late notice of claim. That conclusion was justified. It may fairly be inferred from this record that plaintiff suffered greatly from his severe and disabling injuries not only during the period of his hospitalization but also for a substantial time thereafter. It is apparent that during the greater part of the period in question, and perhaps all of it, plaintiff was more concerned with the condition of his health than with deciding whether, and if so, how to commence a lawsuit against the city within the statutorily prescribed time (see *Heiman v City of New York, supra,* pp 28-30). Mollen, P. J., Titone, Weinstein and Bracken, JJ., concur.