■ In the Matter of DOROTHY BENSEN et al., Appellants, v TOWN OF ISLIP, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioners appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated August 31, 1983, which denied the application. Order modified, as a matter of discretion, by deleting the provision denying the application of petitioner John Bensen for leave to serve a late notice of claim, and substituting therefor a provision granting the application as to him. As so modified, order affirmed, without costs or disbursements. John Bensen's time to serve a notice of claim is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. On July 11, 1983, by order to show cause, petitioners Dorothy and John Bensen, mother and son, commenced this proceeding for permission to serve a late notice of claim. The notice of claim was attached to the order to show cause and alleged that on August 2, 1982, John Bensen was injured at the Bayshore Marina, "owned and operated by the Town of Islip", when he "dove from the bulkhead into the ocean on the westerly side of the dock where, after entering the water his head struck an object below the surface thereof". The notice claimed that the town was negligent in several respects, including "failing to have a Lifeguard on duty at an hour when the beach was open". According to the notice, John "suffered a fracture of the seventh vertebra and is presently medically classified as a quadraplegic [sic]". The notice stated that John was an infant at the time of the accident and that his mother, Dorothy Bensen, was also making a claim, premised on medical expenses for John and loss of services. According to affidavits from both petitioners, John was hospitalized from the date of the accident until January 7, 1983. He continues to be confined to bed and requires nursing care 24 hours per day. In late June or early July, petitioners consulted an attorney, who immediately brought this application. Special Term denied the application, holding: "The claimant has made no showing that the Town of Islip had any knowledge of his accident prior to this application * * * There is no claimed incapacitation that would excuse the delay in making this application within a reasonable time after his discharge from the hospital in January of 1983. A delay of close to one year in making a claim against the municipality is certainly prejudicial to the municipality's ability to mount a proper defense". We modify Special Term's order to the extent that we hold that permission should be granted to petitioner John Bensen to serve a late notice of claim. Contrary to the contention of respondent, petitioners do not concede "the absence of Town personnel at the time and place in question". All the claim alleges is that a lifeguard was not on duty. In fact, John Bensen's reply affidavit in support of the application suggests a likelihood that town personnel were on the scene, since the accident occurred "when the beach was still open to the public" and resulted in a considerable commotion. Thus, it is at least debatable whether the town had knowledge of the event on the day it occurred or shortly thereafter. In any event, "the presence or absence of any one factor" listed in subdivision 5 of section 50-e of the General Municipal Law is not necessarily determinative (*Matter of Morris v County of Suffolk,* 88 AD2d 956, 957, affd 58 NY2d 767). "Rather, all relevant factors are to be considered" (*Matter of Cicio v City of New York,* 98 AD2d 38, 39; *Matter of Beary v City of Rye,* 44 NY2d 398, 411-412; *Heiman v City of New York,* 85 AD2d 25). We do not consider the possibility that the town did not receive actual knowledge until the date of this application as necessarily dispositive. In determining whether John's injuries are a valid excuse for late filing, our holding in *Flynn v City of Long Beach* (94 AD2d 713) is particularly apropos. That case also involved a situation where a claimant did not attempt to serve a notice of claim until several months after he returned home from a hospital. We approved the

finding that the claimant's physical and mental condition "was the primary, if not sole factor, for [the] failure to file a timely notice of claim" (*Flynn v City of Long Beach, supra,* p 714). We went on, as follows, in language which can equally be applied to this case: "It may fairly be inferred from this record that plaintiff suffered greatly from his severe and disabling injuries not only during the period of his hospitalization but also for a substantial time thereafter. It is apparent that during the greater part of the period in question, and perhaps all of it, plaintiff was more concerned with the condition of his health than with deciding whether, and if so, how to commence a lawsuit against the city within the statutorily prescribed time (see *Heiman v City of New York* [85 AD2d 25], *supra,* pp 28-30)" (*Flynn v City of New York, supra,* p 714). In the instant case, Special Term was apparently of the view that a long delay in bringing an application to serve a late notice is presumptively prejudicial against a municipality. There is nothing in the statute (General Municipal Law, § 50-e, subd 5) which would indicate the existence of such a presumption. While a long delay can support a finding of prejudice (see *Tanco v New York City Housing Auth.,* 84 AD2d 501), nonetheless, it does not mandate such a finding (see *Monge v City of New York Dept. of Social Servs.,* 95 AD2d 848, 849). In this case, the municipality has made no showing of prejudice. Exercising our discretion, we conclude that, under the circumstances of this case, even if respondent did not receive actual knowledge of the accident until the date of this application, given the nature of John Bensen's injuries and the absence of a showing of substantial prejudice, he should be allowed to serve a late notice of claim. However, the mother, Dorothy Bensen, should not be accorded the same relief. She has not proffered any acceptable excuse on her own behalf for the delay in applying for leave to serve a late notice (see *Matter of Morris v County of Suffolk,* 88 AD2d 956, *supra*). Finally, we note that since John Bensen was 19 at the time of the accident, if or when an action is brought, it should be brought by himself individually. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.