■ In the Matter of WILLIAM SAVELLI, Appellant, v CITY OF NEW YORK, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated January 21, 1983, as, upon granting reargument, adhered to its original determination, made in an order dated October 20, 1982, denying the application without prejudice.

Order reversed, insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith.

Approximately six months after being released from the Rusk Institute for Rehabilitation Medicine, petitioner, by his attorney, petitioned for leave to serve a late notice of claim on the

City of New York. By order dated October 20, 1982, Special Term denied the application, without prejudice, on the ground that petitioner had failed to establish that he was physically incapacitated. By order dated January 21, 1983, petitioner's motion to reargue was granted and, upon reargument, Special Term adhered to its original determination. Under the circumstances of this case, we disagree with the ground recited by Special Term for the denial of petitioner's application.

In cases where the extent and duration of an applicant's disability cannot be ascertained unless documented by medical affidavits and hospital records, the absence or insufficiency of such documentation is properly recited as a factor for denying an application to serve a late notice of claim predicated upon an allegation that the applicant's failure to comply with section 50-e of the General Municipal Law was due to physical incapacitation (see *Fox v City of New York*, 91 AD2d 624; *Matter of Klobnock v City of New York*, 80 AD2d 854; *Heiman v City of New York*, 85 AD2d 25; *Matter of Phillips v Village of Frankfort*, 31 Misc 2d 815; *Asencio v City of New York*, 216 NYS2d 204). However, where the injury sustained by an applicant renders him a quadriplegic, as in this case, neither a medical affidavit nor a hospital record is necessary to demonstrate physical incapacitation because the extent and duration of the disability is readily apparent to a lay person. Consequently, the affidavit submitted by petitioner's wife in support of his application for leave to serve a late notice of claim sufficed to show that petitioner was and still is physically incapacitated. We further reject the city's contention that the papers in support of petitioner's application failed to demonstrate that petitioner's physical incapacity precluded him from consulting an attorney and applying for permission to serve a late notice of claim during his eight months of continuous hospitalization and, thereafter, his six months of convalescence upon returning home. When a claimant suffers from such a severe and disabling injury, it can be inferred that during the period of his hospitalization and for a substantial time thereafter, he will be more concerned with the condition of his health and learning to cope, both mentally and physically, with his disability, than with deciding whether, and if so, how to commence a lawsuit against the municipality within the statutorily prescribed time. Thus, such a delay is excusable (see *Matter of Bensen v Town of Islip*, 99 AD2d 755 [five months of continuous hospitalization and six months of recuperation at home was an excusable delay where the accident had rendered the applicant a quadriplegic]; *Flynn v City of Long Beach*, 94 AD2d 713 [eight months of continuous hospitalization and three and one-half months' recuperation at home was an

excusable delay where the accident caused the applicant to suffer from paralysis of the right upper extremity and both lower extremities]; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, affd 51 NY2d 957 [14½ months of continuous hospitalization and two and one-half months of recuperation at home was an excusable delay where the accident had rendered the 17-year-old applicant a quadriplegic]).

The moving papers sufficed to demonstrate that petitioner was and still is physically incapacitated and that the delay in moving for leave to serve a late notice of claim was attributable to his physical incapacitation. However, in deciding an application for leave to serve a late notice of claim, the presence or absence of any one factor listed in subdivision 5 of section 50-e of the General Municipal Law is not necessarily determinative (*Matter of Morris v County of Suffolk,* 88 AD2d 956, 957, affd 58 NY2d 767). All relevant factors are to be considered (*Matter of Beary v City of Rye,* 44 NY2d 398, 411-412). Consequently, the matter is remitted to Special Term for a determination based on all the relevant factors set forth in subdivision 5 of section 50-e of the General Municipal Law. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.