■ MARJORIE A. FAHEY, Appellant, v COUNTY OF NASSAU et al., Respondents. — In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim and for an order deeming the service of a summons and complaint timely, the appeals are from (1) an order of the Supreme Court, Nassau County (Meade, J.), dated September 27, 1983, which denied the application, and (2) an order of the same court dated February 21, 1984, which denied the motion for reargument.

Appeal from order dated February 21, 1984 dismissed, without costs or disbursements. No appeal lies from an order denying reargument (*see, Alessi v County of Nassau,* 100 AD2d 561; *Magliano v Merckling,* 99 AD2d 825; *Amity Plumbing v Zito Plumbing,* 110 AD2d 863).

Order dated September 27, 1983 reversed, as a matter of discretion, without costs or disbursements, and application granted.

The within matter involves an automobile accident which occurred on March 4, 1982, when the vehicle which appellant was driving on Post Road in Nassau County skidded off the roadway and collided with a tree. As a result of the collision, appellant was rendered unconscious and was immediately transported to North Shore Hospital. Among the numerous injuries sustained by appellant in the accident were a fractured rib, a ruptured spleen, a dislocated foot and ankle, multiple lacerations, and cardiac and pulmonary contusions. Due to the extensive nature of her injuries, appellant underwent several surgeries including a vein graft in her right leg, the insertion of a pin in her right tibia and the removal of her spleen. She remained at North Shore Hospital for almost five months and on July 26, 1982, she was transported to Brunswick Hospital where she was hospitalized for approximately one more month. On September 4, 1982, appellant was released from the hospital and returned home. While at home, she was confined to bed under nurses' care. During this period, appellant was on pain medication.

Sometime in February 1983, following the expiration of the 90-day period within which to serve a notice of claim under General Municipal Law § 50-e, appellant consulted with an attorney regarding her accident. Shortly after consulting with her attorney, however, appellant was readmitted to the hospital on February 10, 1983 for "attempted arthrodesis of left ankle". At that time, it was also discovered that appellant had been suffering from posttraumatic complications of thrombocystemia, which is a blood disorder causing acute fatigue, severe pain, dizziness, confusion and similar conditions. She remained in the hospital for approximately one month during which time she suffered complications of a pulmonary embolism, continued pain and abnormal bleeding into her muscles caused by thrombocystemia. Appellant was discharged from the hospital on March 20, 1983 and, thereafter, although at home, she was still confined to bed on medication, under the care of a nurse, until April 23, 1983, when she experienced hemorrhaging in her mouth and joints. As a result, she was readmitted to the hospital where she remained until May 3, 1983. Thereafter appellant returned home under nurses' care. The record indicates that appellant will be or has been readmitted to the hospital since that time for necessary surgery.

By notice of motion dated May 24, 1983, eight days short of the expiration of the one year and 90-day Statute of Limitations (General Municipal Law § 50-i [1] [c]), appellant moved for an order authorizing, *inter alia,* the late service of a notice of claim against respondents, the County of Nassau and the Incorporated Village of Old Westbury. She essentially alleged that respondents negligently designed and maintained the roadway in question and that by reason of the defective condition of the road and the absence of guardrails, she was caused to skid off the road. In support of her application, appellant submitted her own affidavit in which she attested that due to the seriousness of the injuries incurred in the accident as well as the posttrauma complications which developed, she was totally disabled until the present time. Because of the protracted physical and emotional disabilities, appellant stated that she was unable to consult with an attorney to investigate the cause of the accident and to take the necessary precautions to protect her claim. She did acknowledge that she spoke with an attorney in February 1983; however, she noted that due to medical complications which developed shortly thereafter requiring immediate hospitalization, she could not follow through with the matter at that time. Finally, appellant emphasized that since her discharge from the hospital on May 3, 1983, she has acted swiftly with respect to her claim.

Appellant also submitted affidavits of two physicians who had treated her immediately following the accident and during the several months thereafter. Both physicians opined with reasonable medical certainty that due to the severity of the injuries sustained in the accident as well as the posttrauma complications which developed, appellant had been totally disabled and incapacitated from the date of the accident to the present time.

Special Term, in its discretion, denied appellant's application, stating that, even assuming that appellant was both physically and mentally incapacitated during the period of her first hospitalization, there was an insufficient explanation offered as to why an attorney was not consulted with during the five-month period immediately following her first hospitalization. In addition, Special Term concluded that insufficient evidence was submitted to substantiate appellant's claims of mental disability during the period in question.

Based upon an independent review of the record, we disagree with Special Term's determination and, accordingly, reverse.

General Municipal Law § 50-e (5) provides, in pertinent part, that "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one * * * In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was * * * mentally or physically incapacitated * * * before the time limited for service of the notice of claim". It is significant to note that "the presence or absence of any one factor" listed in this subdivision is not necessarily determinative (*Matter of Morris v County of Suffolk*, 88 AD2d 956, 957, *affd* 58 NY2d 767). "Rather, all relevant factors are to be considered" (*Matter of Cicio v City of New York*, 98 AD2d 38, 39; *Matter of Beary v City of Rye*, 44 NY2d 398, 411-416; *Heiman v City of New York*, 85 AD2d 25).

Contrary to Special Term's determination and that of our dissenting colleagues, we conclude that the papers submitted in support of appellant's application clearly demonstrated that her physical incapacity caused by the accident precluded her from pursuing her claim of negligence during the approximate 14-month period immediately following the accident. In that 14-month period, appellant was hospitalized for approximately 7½ months and during the months while she was at home she was

confined to bed under nurses' care. Moreover, due to the seriousness of the injuries incurred as well as the posttrauma complications which had developed, she was in severe pain and under medication during most or all of this period.

Thus, the emphasis which both Special Term and our dissenting colleagues place upon the fact that appellant was at home for five months following her first hospitalization and did not move to serve a notice of claim during that time is tenuous. The record clearly established that during that period of time, appellant was immobile, in considerable pain and under constant medication. It is understandable, therefore, that under these circumstances, she was not concerned with pursuing any legal claim she might have possessed as a result of the accident.

As this court noted in *Matter of Savelli v City of New York* (104 AD2d 943, 944-945), "[w]hen a claimant suffers from such a severe and disabling injury, it can be inferred that during the period of his hospitalization and for a substantial time thereafter, he will be more concerned with the condition of his health and learning to cope, both mentally and physically, with his disability, than with deciding whether, and if so, how to commence a lawsuit against the municipality within the statutorily prescribed time. Thus, such a delay is excusable (see *Matter of Bensen v Town of Islip,* 99 AD2d 755 [five months of continuous hospitalization and six months of recuperation at home was an excusable delay where the accident had rendered the applicant a quadriplegic]; *Flynn v City of Long Beach,* 94 AD2d 713 [eight months of continuous hospitalization and three and one-half months' recuperation at home was an excusable delay where the accident caused the applicant to suffer from paralysis of the right upper extremity and both lower extremeties]; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, affd 51 NY2d 957 [14½ months of continuous hospitalization and two and one-half months of recuperation at home was an excusable delay where the accident had rendered the 17-year-old applicant a quadriplegic])".

Furthermore, in the instant case, the record clearly indicates that respondents had actual notice of the facts underlying appellant's claim within 90 days of the accident or within a reasonable time thereafter. The police report filed after the accident stated that appellant's car skidded off the roadway and collided with a tree. Moreover, it appears that the respondent County of Nassau had some knowledge of the potentially dangerous road condition since it had conducted a study of the roadway from approximately 1981 through 1983 which resulted in a proposal for the realignment and reconstruction of the roadway. In fact,

the respondent county placed a flashing warning light at the particular portion of the roadway in question several months after plaintiff's accident. Based on these facts, it is evident that respondents had knowledge of the facts underlying appellant's claim within a short time after the accident and that they will not be severely prejudiced by the granting of the within application (*see, Segreto v Town of Oyster Bay,* 66 AD2d 796). Lazer, Eiber, and Kunzeman, JJ., concur.

Thompson, J., concurs insofar as the appeal from the order denying reargument is dismissed, but otherwise dissents and votes to affirm the order denying appellant's application for relief pursuant to General Municipal Law § 50-e (5), with the following memorandum, in which Titone, J. P., concurs: Appellant was injured on March 4, 1982 when a car skidded off the road and struck a tree. By notice of motion dated May 24, 1983, almost a full year and 90 days after the accident, she sought leave to serve a late notice of claim against respondents, the County of Nassau and the Incorporated Village of Old Westbury, pursuant to General Municipal Law § 50-e. Appellant's basic claim is that her car left the road because the road was improperly designed and maintained. Special Term denied the application, and although it is uncontested that appellant suffered severe physical injuries, a proper evaluation of the applicable factors set forth in section 50-e leads to the conclusion that Special Term's determination did not rise to the level of an abuse of discretion. Accordingly, I respectfully dissent in part and vote to affirm the order dated September 27, 1983. I agree with the majority that the appeal from the order dated February 21, 1984 should be dismissed because the denial of a motion for reargument is not appealable.

Appellant's injuries, although severe, were orthopedic and did not rise to the level of incapacity to the degree that they prevented her from consulting with an attorney in order to pursue her claim. Furthermore, although she was discharged from the hospital in September 1982 with an evaluation that indicated that her primary need was for rehabilitation and physical therapy, she failed to consult an attorney until February 1983. Even then, no leave was sought to serve a late notice of claim until May 1983. These inadequately explained lengthy lapses in pursuing the claim militate against a finding of an abuse of discretion here by Special Term (*see, e.g., Fox v City of New York,* 91 AD2d 624; *Matter of Klobnock v City of New York,* 80 AD2d 854). Furthermore, the public corporations did not receive actual knowledge of the essential facts constituting the claim within 90 days or within a reasonable time thereafter. The

police report of the accident, not completed by a Nassau County officer, indicated that appellant's car apparently skidded on a wet roadway. This in no way alerted the respondents to appellant's present theory of recovery and did not constitute knowledge to the respondents (*Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767; *O'Dell v Town of Greenport,* 97 AD2d 887, 888; *Fox v City of New York, supra*). Respondents will face severe difficulty in reconstructing the road situation of March 4, 1982 at this late date, and even if this feat can be accomplished, the absence of prejudice is not determinative of the issue presented (*Matter of Morris v County of Suffolk, supra*). Finally, I wish to note that the extensive material presented in support of the motion to reargue was available to appellant prior to her initial motion and should not be considered on this appeal (*Rose v La Joux,* 93 AD2d 817; *Erlich v Erlich* 80 AD2d 882).