■ LOTTIE KRAVITZ, Appellant, v COUNTY OF ROCKLAND et al., Respondents, et al., Defendants.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim, the appeal is from an order of the Supreme Court, Rockland County (Kelly, J.), entered May 1, 1984, which denied the application.

Order affirmed, with one bill of costs.

On September 29, 1982, appellant apparently lost control of her vehicle when distracted by a pet in the car, and drove into a utility pole. The injuries, although severe, were essentially orthopedic in nature. Following two separate trips to Florida to aid her recuperation, appellant returned to her home in Connecticut in July 1983. She eventually retained an attorney in September 1983, and on December 27, 1983, almost a full one year and 90 days after the accident, the instant application was initiated for leave to serve late notices of claim against defendants County of Rockland and Town of Clarkstown. It appears that appellant's basic assertion is that the aforementioned defendants had altered the natural slope of the roadway; that this action left the utility pole exposed; and that this negligent conduct caused an aggravation of any injuries she might otherwise have suffered after she independently lost control of her car. Special Term concluded that leave to serve the late notices of claim should be denied. Finding no abuse of discretion in Special Term's determination, we affirm.

Special Term correctly concluded that defendants County of Rockland and Town of Clarkstown did not receive actual knowledge of the essential facts constituting this claim within 90 days or a reasonable time thereafter (*Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767; *Zarrello v City of New York,* 93 AD2d 886, *affd* 61 NY2d 628). Moreover, the bare assertions by appellant's counsel that the aforementioned defendants, upon information and belief, created the dangerous condition, and, upon further information and belief, that the conditions had not changed during the approximately 15 months involved here, is totally inadequate to establish

actual knowledge on their part of the essential facts constituting the claim. Although the presence or absence of actual prejudice is not determinative on an application for leave to serve a late notice of claim (*Matter of Morris v County of Suffolk, supra*), there is a very real danger of changed conditions in this case which would prevent an accurate reconstruction of the circumstances existing at the time that the accident occurred. In addition, appellant's physical circumstances did not justify the delay of approximately one year in retaining an attorney. The attorney has also failed to adequately justify the additional period of approximately three months which expired before the instant application was initiated (*Fox v City of New York,* 91 AD2d 624; *Matter of Klobnock v City of New York,* 80 AD2d 854). In short, Special Term in no way abused its discretion in denying the application. Thompson, J. P., Weinstein and Kunzeman, JJ., concur.

Brown, J., dissents and votes to reverse the order denying appellant's application for relief pursuant to General Municipal Law § 50-e and to grant said application, with the following memorandum: This matter arises out of an automobile accident which occurred on September 29, 1982, on Collyer Avenue in Rockland County, when the vehicle which appellant was driving swerved off the roadway and collided with a utility pole. As a result of the collision, appellant, a 73-year-old widow, suffered multiple injuries including a fractured hip, fractured ribs, broken teeth, myocardial contusions, facial lacerations, post-trauma headaches and partial memory loss. She was hospitalized from the date of the accident until November 9, 1982, at which time she was discharged and provided with a special hospital bed, walker and wheelchair. Upon her discharge, appellant resided with her sister and was cared for by visiting nurses. In February 1983, as a consequence of the detrimental effects of the winter weather on her rehabilitation, appellant traveled to Florida to be cared for by another sister. On February 27, 1983, appellant was again hospitalized in Rockland County and underwent a surgical procedure for her hip injury and to correct a hernia that she had developed exercising. She was discharged on March 7, 1983, and again remained under the care of her sister in Rockland County until April 10, 1983, when she was hospitalized and forced to undergo a cholecystectomy. She remained hospitalized for 18 days as a result of a postoperative pulmonary embolism. Upon her discharge, appellant returned to her other sister's home in Florida where she remained for two months while continuing her rehabilitative therapy. Finally,

in July 1983, she returned to her own home in Connecticut for the first time since the accident. She was cared for by her daughter-in-law and a neighbor.

On September 26, 1983, appellant first consulted an attorney. Immediately upon being retained, counsel began an investigation of the matter which revealed the existence of potential claims against, among others, the Town of Clarkstown and the County of Rockland. Counsel served notices of claim on respondents on December 27, 1983, and simultaneously served a notice of motion for an order granting appellant leave to serve late notices of claim pursuant to General Municipal Law § 50-e (5). In support of the application, counsel alleged that the county and/or town had created a defective condition in the road prior to the accident complained of through the removal of a natural dirt slope and embankment, exposing a previously protected utility pole and rendering it a hazard to users of the road shoulder. It was contended that respondents had actual notice of the defective condition since they had created it and, further, that upon information and belief, the condition complained of was the same on the day the notices of claim were served as it was on the date of the accident.

Respondents asserted in opposition that they had no actual knowledge of the facts constituting the claim and that their lack of knowledge prejudiced the preparation of a defense. It was also argued that in light of the passage of almost 15 months between the accident and service of the notices of claim, the conditions of the accident scene were likely to have changed. This speculative argument, however, was not supported by an affidavit of anyone with actual knowledge of the condition either at the time of the accident or the time the notices of claim were served.

It is my view that under these circumstances it was an abuse of discretion to deny appellant's application. General Municipal Law § 50-e (5) provides, in pertinent part, that "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one * * * In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was * * * mentally or physically inca-

pacitated * * * before the time limited for service of the notice of claim". As this court has noted on several occasions, the presence or absence of any one of the factors set forth in the statute is not necessarily determinative. Rather, all relevant factors are to be considered (*Fahey v County of Nassau*, 111 AD2d 214; *Matter of Bensen v Town of Islip*, 99 AD2d 755; *appeal dismissed* 62 NY2d 798; *Matter of Cicio v City of New York*, 98 AD2d 38; *Matter of Morris v County of Suffolk*, 88 AD2d 956, *affd* 58 NY2d 767).

Although Special Term concluded that appellant demonstrated that her physical condition following the accident effectively prevented her from taking the necessary steps to serve timely notices of claim, it denied her application on the ground that the respondents lacked actual knowledge of the facts underlying the claim until the late service of the notices of claim.

Clearly the delay in serving the notices of claim here was excusable. From the time of the accident until she contacted counsel, appellant was continuously suffering from the effects of her injuries and the complications attendant to her rehabilitation and recovery. During such period she was understandably "more concerned with the condition of [her] health and learning to cope, both mentally and physically, with [her] disability, than with deciding whether, and if so, how to commence a lawsuit against the municipality within the statutorily prescribed time" (*Matter of Savelli v City of New York*, 104 AD2d 943, 944).

Further, since the condition which is claimed to be the cause of the accident was one which respondents themselves are alleged to have created, their own records must contain sufficient details as to the design and structure of that portion of the roadway to overcome any prejudice which might flow from the late service of the notices of claim. As noted, there was no showing that there was any change in the structure of the road during the period of delay. Therefore, I would conclude, based upon a consideration of all the factors, and particularly the serious injuries and the effect which they must have had on appellant, a woman of advanced years, that her application for leave to serve late notices of claim should have been granted (*see, Fahey v County of Nassau*, 111 AD2d 214, *supra*).