■ ROBERT E. CARROLL et al., Appellants, v CITY OF NEW YORK, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from a judgment of the Supreme Court, Kings County (Williams, J.), dated December 20, 1985, which denied their application.

Ordered that the judgment is affirmed, with costs.

The Supreme Court weighed and considered all the relevant facts and circumstances in determining whether to grant or deny leave to serve a late notice of claim. Its decision is well within the parameters of discretion reserved to it by General Municipal Law § 50-e (5) and, accordingly, will not be disturbed.

In the instant case, the petitioners failed to adequately explain the unreasonable delay in bringing the application for leave to serve the late notice of claim until 10 months after the accident and 7 months after the expiration of the prescribed 90-day period. Not only did the petitioners fail to submit any medical affidavit or hospital records to document an alleged physical disability which may have prevented the timely serving of a notice of claim *(see, Fox v City of New York,* 91 AD2d 624; *cf., Matter of Savelli v City of New York,* 104 AD2d 943), but the duration of the claimed incapacitation only accounted for 5 of the 10 months which elapsed before the instant application was made.

Furthermore, there is no evidence in the record that the City of New York or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the prescribed 90-day period or within a reasonable time thereafter. It is undisputed that no police or accident report was prepared or filed with respect to the petitioner Robert Carroll's fall from a metal stairway leading to the trailer platform adjacent to dry dock number 4 at the Brooklyn Navy Yard. According to the proposed notice of claim, the stairway was negligently secured and broke loose, causing the petitioner to be thrown from it. The bare assertions by the petitioners' counsel that the city created the dangerous condition are totally inadequate to establish actual knowledge on its part of the essential facts constituting the claim *(see, Kravitz v County of Rockland,* 112 AD2d 352, *affd*

67 NY2d 685). Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.