■ STEVEN K. ECKS, Respondent, v COUNTY OF ROCKLAND, Appellant, et al., Defendant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim, the County of Rockland appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Daronco, J.), dated February 19, 1986, as granted that branch of the application which was for leave to serve a late notice of claim upon it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The granting of that branch of the application which was for leave to serve a late notice of claim upon the appellant *(see,* General Municipal Law § 50-e [5]) did not constitute an improvident exercise of discretion in this case. In determining such an application, the court must consider all of the relevant statutory factors *(Fahey v County of Nassau,* 111 AD2d 214, 216; *Matter of Savelli v City of New York,* 104 AD2d 943, 945; *Matter of Cicio v City of New York,* 98 AD2d 38, 39), and the presence or absence of any one of those factors is not necessarily determinative *(Fahey v County of Nassau, supra,* at 216; *Matter of Morris v County of Suffolk,* 88 AD2d 956, 957, *affd* 58 NY2d 767). Here, the claimant made an adequate

showing that his physical incapacity precluded him from timely serving a notice of claim *(Matter of Savelli v City of New York, supra,* at 944). Moreover, the appellant failed to demonstrate substantial prejudice. Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.