■ CAROLE FENTON et al., Respondents, v COUNTY OF DUTCHESS et al., Appellants, et al., Defendants.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated March 19, 1987, which granted the application.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the application which sought leave on behalf of John Fenton to serve a late notice of claim, and substituting therefor a provision denying that branch of the application; as so modified, the order is affirmed, without costs or disbursements.

On November 12, 1985, the petitioner Carole Fenton sustained severe injuries when the automobile she was driving collided with a bus owned by Mountainview Coach Lines, Inc., and being operated as a loop bus for Dutchess County. The accident occurred on a county road at the site of a sharp, steeply graded curve. Approximately 14 months after the accident, Carole Fenton and her husband, the petitioner John Fenton, made the instant application for leave to serve a late notice of claim against the appellants, the County of Dutchess and the Dutchess County Highway Department. The petitioners alleged that the appellants negligently designed the roadway at the accident site and negligently failed to post signs warning of the dangerous condition. Additionally, the petitioners alleged that the county is vicariously liable for the negligent use and operation of the loop bus.

General Municipal Law § 50-e (5) empowers the court to evaluate requests for relief from the 90-day filing requirement

by striking an "equitable balance * * * between a public corporation's reasonable need for prompt notification of claims against it and an injured party's interest in just compensation" *(Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 142-143; *Matter of Gerzel v City of New York,* 117 AD2d 549, 550; *Heiman v City of New York,* 85 AD2d 25, 28). General Municipal Law § 50-e (5), directs the courts to consider, "in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim" within the 90-day filing period or "a reasonable time thereafter". Other relevant factors include whether the claimant was mentally or physically incapacitated before the time limited for service of a notice of claim and whether the delay substantially prejudiced the public corporation's ability to defend on the merits.

In this case, Carole Fenton demonstrated that her failure to timely serve a notice of claim within the 90-day statutory period was attributable to her incapacitation. The hospital records and an affidavit from her treating physician substantiate her claim that she was physically and mentally incapacitated during her hospitalization of almost one month for, *inter alia,* a severe closed head injury sustained in the accident, and during her convalescence at home for approximately four months after her discharge from the neurological floor of the hospital.

After returning to work in April of 1986 Carole did not consult an attorney until October because, she contended, she continued to suffer to some degree from the physical effects of her injuries and psychological complications attendant to her rehabilitation and recovery. However, Carole's ability to perform her duties as a registered nurse renders her proffered explanation for not consulting an attorney until over six months after resuming her employment troublesome. But, contrary to the appellants' contention on appeal, the absence of a more reasonable explanation for her delay in retaining counsel does not compel the denial of her application when weighed against all the other relevant factors to be considered *(see, Matter of Gerzel v City of New York, supra,* at 551; *Rechenberger v Nassau County Med. Center,* 112 AD2d 150, 153; *Matter of Chatman v White Plains Hous. Auth.,* 101 AD2d 838). Moreover, we find reasonable the explanation proffered by the petitioners' attorney for making the instant application approximately three months after being retained *(cf., Matter of Morgan v City of Elmira,* 115 AD2d 885;

*Rechenberger v Nassau County Med. Center, supra; Kravitz v County of Rockland,* 112 AD2d 352, *affd* 67 NY2d 685).

It is manifest on the record that the county acquired actual knowledge of the essential facts constituting the petitioners' claims within the 90-day statutory period or shortly thereafter. The county commendably disclosed that a notice of claim was timely served by a passenger on the loop bus, who was allegedly injured in the collision with the petitioners' vehicle. The passenger's notice of claim does allege that the cause of the accident was the negligent operation of the loop bus. Although the bus passenger's timely served notice of claim does not give the county notice of the petitioners' claim that the roadway was defectively designed, we can infer that the appellants had some knowledge of the potentially dangerous condition of the roadway from prior, numerous reported accidents, which occurred on the curve in the roadway that was the site of the accident in this case. Furthermore, shortly after Carole Fenton's vehicle and the loop bus collided on the curve in front of the Smyth residence, the property owner phoned the County Highway Department, reported the accident and repeated her prior complaints to that Department regarding the allegedly dangerous condition of this portion of the roadway. Subsequent to the accident, the county posted a hazard warning sign depicting a sharp curve and steep downgrade, as well as a sign recommending a safe speed limit. It is also noteworthy that a police report of the accident, completed by a county Deputy Sheriff, indicated that the accident occurred on the subject curve and that the petitioners' vehicle, traveling west, skidded on wet pavement into the eastbound lane striking the bus in the left front corner. The report contains a detailed diagram of the accident site, including the point of impact and the resting places of the damaged car and bus, with recorded measurements taken from a discernible reference point. The report also notes that police photographs of the accident scene were taken. Based on these facts, it is evident that the appellants had knowledge of the facts underlying the petitioners' design defect claim within 90 days of the accident or within a reasonable time thereafter *(see, Fahey v County of Nassau,* 111 AD2d 214, 217-218).

We further reject the appellants' contention that the delay has substantially prejudiced their ability to defend on the merits. The county maintains that it would be prejudiced in preparing a defense against the petitioners' claim that the bus was negligently operated because it never conducted an independent investigation after receiving the bus passenger's

timely notice of claim. Instead, the county forwarded that notice of claim to Mountainview Coach Lines, Inc. (hereinafter Mountainview), pursuant to the parties' contract obligating Mountainview to defend and indemnify the county against claims predicated upon the negligent operation of the loop bus. The county proffered no evidence that Mountainview neglected to conduct an investigation. Since Mountainview and the county are apparently united in interest with respect to rebutting the allegations of the petitioners and the bus passenger that the bus was negligently operated, the county inferably will have access to Mountainview's investigation, if any, into the bus passenger's timely interposed claim (see, Matter of Chatman v White Plains Hous. Auth., 101 AD2d 838, supra), particularly in view of the defend and indemnify provision of the county's contract with Mountainview.

Regarding the petitioners' design defect claim, there is no real danger of changed circumstances in this case which would prevent an accurate reconstruction of the circumstances existing at the time the accident occurred. The bare, conclusory representation by the Deputy Commissioner of the Department of Public Works that the condition of the road has changed since October 12, 1985 is neither relevant, as the accident occurred on November 12, 1985, nor supported by any evidentiary facts. In contrast, the petitioners, who regularly drive past the accident site, and the neighbor Smyth averred that aside from the posting of road hazard warning signs, the design and surface structure of the portion of the roadway at issue have not changed. There is no suggestion in the record that the county department responsible for installation of road signs was not in possession of relevant information. Thus, the appellants have failed to demonstrate substantial prejudice because of the delay in serving a timely notice of claim (see, Matter of Gerzel v City of New York, 117 AD2d 549, supra; Kravitz v County of Rockland, 112 AD2d 352, affd 67 NY2d 685, supra).

Our evaluation of the relevant factors to be weighed in deciding whether to grant an application for permission to file a late notice of claim leads us to conclude that the granting of Carole Fenton's application was not an improvident exercise of discretion. The absence of a more plausible explanation for Carole Fenton's delay in excess of six months in retaining counsel after resuming her employment is outweighed by the fact she was incapacitated during the statutory 90-day filing period, the existence of actual notice, and the appellants' failure to show substantial prejudice by service of a late notice

(see, Matter of Gerzel v City of New York, supra, at 551; Rechenberger v Nassau County Med. Center, 112 AD2d 150, 153, supra; see also, Matter of Wemett v County of Onondaga, 64 AD2d 1025). Under all the facts and circumstances, Carole Fenton was properly granted the opportunity to have her action to recover for serious personal injuries adjudicated on the merits. However, John Fenton should not have been accorded the same relief. He has not proffered an acceptable excuse on his own behalf for his failure to timely serve a notice of claim or for the lengthy delay before consulting an attorney (see, Matter of Morris v County of Suffolk, 88 AD2d 956, 957, affd 58 NY2d 767; Matter of Bensen v Town of Islip, 99 AD2d 755, appeal dismissed 62 NY2d 798). Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.