■ Michael T. Morano et al., Respondents, v County of Dutchess, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered July 1, 1988, which granted the application.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which granted that branch of

the application which sought leave on behalf of Judith Morano to serve a late notice of claim, and substituting therefor a provision denying that branch of the application; as so modified, the judgment is affirmed, without costs or disbursements.

On May 18, 1987, Michael Morano was injured when he lost control of his vehicle and collided head-on with an oncoming vehicle. The accident occurred as he rounded a curve in the southbound lane of Titusville Road in Dutchess County and braked as he was suddenly confronted with another vehicle stopped in the southbound lane at the intersection with Richards Boulevard. He was rendered unconscious and immediately transported to a local hospital for treatment.

By notice of motion dated March 25, 1988, slightly more than 10 months after the accident, Michael Morano and his wife, Judith Morano, sought leave to serve a late notice of claim against the County of Dutchess. They alleged essentially that the county negligently designed the roadway at the accident site and negligently failed to post signs warning of the dangerous condition. In support of the application, Michael Morano submitted his own affidavit in which he attested that he was unable to comply with the provisions of General Municipal Law § 50-e requiring that a notice of claim be served and filed within 90 days of the accident because of his physical and mental incapacity.

In determining whether to grant relief from the 90-day time limit, General Municipal Law § 50-e (5) permits a court to consider a number of factors such as whether the petitioner has demonstrated a reasonable excuse for the failure to timely serve a notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay substantially prejudiced the public corporation's ability to defend on the merits. A court may also consider whether the petitioner was mentally or physically incapacitated before the 90-day period expired.

In the instant case, the hospital and pharmaceutical records and an affidavit from Michael Morano's treating physician demonstrated that from the period of the accident until he consulted an attorney, he was suffering from the physical and mental effects of his injuries. He was hospitalized for nearly one week after the accident, and during the seven-month period of his rehabilitation and convalescence at home prior to his physician approving his return to work in December 1987, he was in considerable pain and under constant medication.

We may properly infer that, during that period, Michael Morano was "more concerned with the condition of his health and learning to cope, both mentally and physically, with his disability, than with deciding whether, and if so, how to commence a lawsuit against the municipality within the statutorily prescribed time" *(Matter of Savelli v City of New York,* 104 AD2d 943, 944; *see, Fenton v County of Dutchess,* 148 AD2d 573; *Fahey v County of Nassau,* 111 AD2d 214, 216; *Flynn v City of Long Beach,* 94 AD2d 713). Thus, while we do not find that the record substantiates the extent of the mental incapacity asserted by him, we conclude that his physical disabilities justify his delay until January 1988 in retaining counsel. Moreover, the attorney has also adequately explained the additional two-month delay after being retained in making the instant application. That delay was caused by the need to investigate the matter sufficiently to identify and interview potential witnesses and determine the proper party defendants *(see, Fenton v County of Dutchess, supra).*

The record further demonstrates that the county acquired actual knowledge of the facts underlying the claim within the 90-day statutory period or within a reasonable time thereafter. Although the police accident report does not give the county notice that the roadway was defectively designed, the county had some knowledge of the potentially dangerous road condition from the numerous prior reported accidents at the subject curve and intersection of Titusville Road and Richards Boulevard, and the repeated complaints of residents of properties adjoining the site in question both before and immediately after the accident at issue concerning the allegedly dangerous condition of that portion of the roadway. In fact, subsequent to the accident, the county placed signs warning of the curve and that the roadway was slippery when wet. On the basis of these facts, the Supreme Court properly concluded that the county had actual knowledge of the claim *(see, Fenton v County of Dutchess, supra; Fahey v County of Nassau, supra).*

Further, the county has failed to demonstrate that the delay has substantially prejudiced its ability to defend on the merits.

With respect to the application of Judith Morano, we do not believe she should be accorded the same relief as her husband as she has failed to proffer any excuse for her lengthy delay in consulting an attorney or in filing a timely notice of claim *(see, Fenton v County of Dutchess, supra).* Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.