■ In the Matter of GERALDINE CAMILLERI, Appellant, v COUNTY OF SUFFOLK et al., Respondents.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the County of Suffolk, the petitioner appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered December 5, 1990, which denied her application.

Ordered that the order is affirmed, without costs or disbursements.

The petititioner's late notice of claim against the County of Suffolk alleged that she had been falsely arrested by members of the Suffolk County Police Department on November 24, 1989.

It is well settled that in considering an application for leave to serve a late notice of claim, the court must consider whether the public corporation acquired actual knowledge of the claim within 90 days or within a reasonable time thereafter *(see, Barnes v County of Onondaga,* 103 AD2d 624, *affd* 65 NY2d 664). Contrary to the petitioner's argument, any knowledge of the Suffolk County Police Department, obtained through an interview of the petitioner by its Department of Internal Affairs on April 30, 1990, "cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim" *(Caselli v City of New York,* 105 AD2d 251, 255; *cf., Flynn v City of Long Beach,* 94 AD2d 713).

Further, it should be noted that petitioner's application was not made until July 23, 1990, i.e., eight months after the incident, five months after the expiration of the prescribed 90 day period, and four months after her attempt to serve the late notice of claim without the required court authorization, and the petitioner failed to adequately explain this delay *(see, Kravitz v County of Rockland,* 112 AD2d 352, *affd* 67 NY2d 685; *Fox v City of New York,* 91 AD2d 624).

Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the petitioner's application for leave to serve a late notice of claim against the respondents. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.