■ DOMINGO COLON, Respondent, v CITY OF NEW YORK et al., Appellants. [609 NYS2d 835] —In a negligence action to recover damages for personal injuries, the New York City Housing Authority appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated January 15, 1992, as granted the plaintiff's motion for leave to serve a late notice of claim, and the City of New York cross-appeals from so much of the order as denied its cross motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the appeal by the City of New York is dismissed as academic, since the action against it has been discontinued; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the appellant New York City Housing Authority.

On July 21, 1990, the plaintiff was shot by unknown assailants in the hallway outside his apartment in a building owned by the defendant New York City Housing Authority (hereinafter NYCHA). He subsequently commenced an action alleging that the NYCHA and the City of New York (hereinafter the City) were negligent in failing to provide adequate security at the premises. The plaintiff's notice of claim was served upon the NYCHA on or about December 17, 1990, more than 90 days after the incident (see, General Municipal Law § 50-e [1] [a]). Thereafter, the plaintiff moved for leave to serve a late notice of claim. Based on all the circumstances, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to serve a late notice of claim (see, *Morano v County of Dutchess,* 160 AD2d 690; General Municipal Law § 50-e [5]).

Since the action has been discontinued against the City, its

appeal is dismissed as academic. Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.