■ OLIVERIO MONTIEL, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, et al., Defendant. (And a Third-Party Action.) [619 NYS2d 628] —In an action to recover damages for medical malpractice, the defendant New York City Health and Hospitals Corporation appeals from (1) so much of an order of the Supreme Court, Kings County (Golden, J.), dated January 27, 1993, as denied its motion to vacate an order of the same court dated June 19, 1985, which granted the plaintiff's motion to file a late notice of claim pursuant to General Municipal Law § 50-e (5), and (2) an order of the same court (Clemente, J.), dated April 14, 1993, which denied its motion to dismiss the complaint as time-barred.

Ordered that the order dated January 27, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 14, 1993, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On June 19, 1985, the Supreme Court granted the plaintiff leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5), implicitly determining that the plaintiff was "insane" as a result of being in a coma from May 6, 1983 to March 6, 1984 *(see,* CPLR 208).

On August 21, 1992, the appellant moved for summary judgment dismissing the complaint as time-barred. During the pendency of that motion, the appellant also moved to vacate the Supreme Court's June 19, 1985, order which granted the plaintiff's motion to file a late notice of claim. The appellant argued that the plaintiff's hospital records, which the appellant had obtained in April, 1986, indicated that the plaintiff had misrepresented that he had been in a coma for ten months.

While an application to file a late notice of claim ordinarily must be brought within the one year and ninety-day period provided by General Municipal Law § 50-e *(see, e.g., Pierson v*

*City of New York,* 56 NY2d 950; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671), the period in which a plaintiff could be permitted to file a late notice of claim will be extended where the plaintiff's "insanity" had tolled the applicable Statute of Limitations *(see,* CPLR 208; *see also, Barnes v County of Onondaga,* 103 AD2d 624).

When determining an application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), a court has broad discretion to consider all relevant factors *(see, Matter of Beary v City of Rye,* 44 NY2d 398; *Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21,* 193 AD2d 606). On the record before this Court, which includes the plaintiff's affidavit and the medical records *(see, e.g., Fenton v County of Dutchess,* 148 AD2d 573; *Matter of Savelli v City of New York,* 104 AD2d 943), we find that the Supreme Court did not abuse its discretion in granting the plaintiff's motion to file a late notice of claim *(see, e.g., Matter of Ramunno,* 202 AD2d 511; *Williams v New York City Hous. Auth.,* 125 AD2d 258; *Fahey v County of Nassau,* 111 AD2d 214; *Matter of Bensen v Town of Islip,* 99 AD2d 755; *Flynn v City of Long Beach,* 94 AD2d 713). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.