In the Matter of ERIN OLSEN, Appellant, v COUNTY OF NASSAU, Respondent. [789 NYS2d 264]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated December 9, 2003, as denied that branch of her motion which was for leave to renew her prior motion for leave to serve a late notice of claim, which was denied by order of the same court dated June 25, 2003.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the motion which was for leave to renew is granted, upon renewal, the motion for leave to serve a late notice of claim is granted, and the order dated June 25, 2003, is vacated.

In May 2003 the petitioner's decedent, Tara Ostendorf, also known as Colleen Johnson (hereinafter Ostendorf), sought leave to serve a late notice of claim upon the County of Nassau pursuant to General Municipal Law § 50-e (5). Ostendorf alleged that one of the County's health clinics failed to timely and properly diagnose and treat a large cancerous tumor located in her right hip and pelvic area. The health clinic located at the Nassau County Correctional Facility (hereinafter the NCCF) rendered continuous medical treatment to Ostendorf during her incarceration from October 13, 2001, to May 3, 2002. The motion was denied by the Supreme Court on the grounds that the petitioner failed to establish a reasonable excuse for her delay in serving the notice of claim and because she did not establish that the County had actual knowledge of the facts constituting her claim.

On October 28, 2003, Ostendorf moved, inter alia, for leave to renew her prior motion for leave to serve a late notice of claim. The motion was supported by recently-received NCCF medical

records, as well as an affidavit of Ostendorf's treating oncologist, Dr. Lillian Pliner. Dr. Pliner opined, inter alia, that based upon her review of the NCCF medical records, Ostendorf was physically and emotionally incapable of taking any action regarding her claim during the relevant time period. The Supreme Court, among other things, denied the motion for leave to renew on the ground that Ostendorf failed to offer an excuse for not submitting Dr. Pliner's affidavit in support of the original motion. We reverse the order insofar as appealed from, grant the motion for leave to renew and, upon renewal, grant the motion for leave to serve a late notice of claim.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). Ostendorf's motion for leave to renew was based upon the NCCF medical records which were not offered on the prior motion because they were provided by the County after the denial of that motion. The medical records served as the basis for Ostendorf's demonstration of the meritorious nature of her action to recover damages for medical malpractice against the County. Moreover, the medical records established that the County had actual knowledge of the facts constituting the claim. Thus, the motion for leave to renew should have been granted since the new facts offered on the motion "would change the prior determination" (CPLR 2221 [e] [2]).

Furthermore, under the circumstances of this case, Dr. Pliner's affidavit was unnecessary to establish a reasonable excuse for Ostendorf's failure to timely serve the notice of claim. Medical affidavits are generally required in cases where the extent and duration of an applicant's disability cannot be ascertained unless documented by medical affidavits and hospital records (see Matter of Savelli v City of New York, 104 AD2d 943, 944 [1984]; Matter of Bensen v Town of Islip, 99 AD2d 755, 756 [1984]; Flynn v City of Long Beach, 94 AD2d 713, 714 [1983]). Here, Ostendorf submitted a detailed affidavit in support of her original motion for leave to serve a late notice of claim which set forth her diagnosis of cancer, and the dates of her hospitalizations, surgery, and chemotherapy treatments. Ostendorf also stated that she was debilitated and unable to attend to her needs as a result of her medical condition, that she was confined to bed and home, and that she was wheelchair-bound. Thus, Ostendorf's affidavit was sufficient to explain the reason for her inability to timely serve the notice of claim.

In addition, the County possessed Ostendorf's medical records and thus had actual notice of the essential facts underlying the claim (*see Matter of Celeste v Nassau Health Care Corp./Nassau County Med. Ctr.*, 8 AD3d 271, 272 [2004]; *Rosas v 397 Broadway Corp.*, 309 AD2d 913, 914 [2003]; *Medley v Cichon*, 305 AD2d 643, 644 [2003]). The petitioner demonstrated the absence of substantial prejudice to the County resulting from the delay, and the County failed to demonstrate prejudice, such as the departure of a staff member who would be needed to assist in its defense of this matter.

The County's remaining arguments either are without merit or improperly raised for the first time on appeal. Santucci, J.P., Crane, Skelos and Lifson, JJ., concur.