■ PATRICIA GARCIA, Respondent, v NEW YORK CITY HOUSING AUTHORITY POLICE DEPARTMENT, Appellant, et al., Defendants. [609 NYS2d 40] —In an action, *inter alia,* to recover damages for intentional infliction of emotional distress, the defendant New York City Housing Authority Police Department appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 19, 1992, as (1) denied the appellant's motion to dismiss the complaint insofar as asserted against it for failure to serve a notice of claim, and (2) granted the plaintiff's cross motion to amend a previously-filed notice of claim.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the appellant's motion which was to dismiss the plaintiff's fourth cause of action insofar as it is asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

On May 21, 1989, the plaintiff's son, Richard Earl Luke, was allegedly beaten while in the custody of the appellant, the New York City Housing Authority Police Department. The next day, the plaintiff's son died of serious physical injuries. On August 16, 1989, the plaintiff filed a notice of claim with the appellant in her capacity as administratrix of her son's estate. The notice of claim listed numerous causes of action, including causes of action sounding in wrongful death, conscious pain and suffering, loss of services, and loss of consortium. On August 16, 1990, the plaintiff, in her individual capacity, served the appellant with a summons with notice listing causes of action to recover damages for intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, and a civil rights claim. A complaint was served on November 14, 1990.

The defendant moved to dismiss the complaint for failure to file a timely notice of claim. The plaintiff cross-moved pursuant to General Municipal Law § 50-e (6) for leave to amend the notice of claim in order to assert the aforementioned claims brought in her individual capacity. The appellant opposed the plaintiff's cross motion on the ground that the addition of new claims to the notice of claim was time-barred pursuant to General Municipal Law § 50-e (5). The court dismissed the plaintiff's first cause of action as time-barred,

and granted the plaintiff's cross motion permitting her to amend the notice of claim with respect to the remaining three causes of action.

The plaintiff properly cross-moved to amend the notice of claim to supply an omission *(see,* General Municipal Law § 50-e [6]). The proposed amendment sought to add causes of action asserted by the plaintiff in her individual capacity which were based upon the same facts which had already been set forth in the original notice of claim served by the plaintiff in her capacity as administratrix of her son's estate. Further, although the original notice of claim was filed by the estate, it listed several causes of actions which could be asserted on behalf of an individual, such as loss of services and loss of consortium. Therefore, it cannot be said that the appellant was not timely notified of the claims the plaintiff now seeks to amend to the notice of claim. Under these circumstances, there can be no possible prejudice to the appellant and the plaintiff's cross motion was properly granted with respect to her second and third causes of action *(see,* General Municipal Law § 50-e [6]; *see generally, Dodd v Warren,* 110 AD2d 807, 808).

The plaintiff failed to sufficiently allege any violation of her own civil rights *(see, McCloud v Delaney,* 677 F Supp 230). Accordingly, the fourth cause of action should have been dismissed. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.