■ PHERTRINA JOSEPH, as Executor of CLEMENT JOSEPH, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY,

Respondent, et al., Defendants. [655 NYS2d 396] —In an action, *inter alia*, to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated October 12, 1995, which denied her motion pursuant to General Municipal Law § 50-e (5) to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for the wrongful death of her husband and for personal injuries he sustained in an automobile accident on April 14, 1994. The plaintiff, as executrix of her husband's estate, moved to serve a late notice of claim against the defendant New York City Transit Authority (hereinafter the NYCTA) by order to show cause dated July 12, 1995, just within the one-year and 90-days limitations period for obtaining leave to serve a late notice of claim (*see*, General Municipal Law § 50-i).

Initially, we note that the NYCTA does not dispute that the notice of claim was timely filed with respect to the wrongful death cause of action (*see*, General Municipal Law § 50-e [1] [a]), and the only issue on appeal concerns the timeliness of the claim to recover damages for personal injuries (*see, Matter of Ruiz v New York City Health & Hosps. Corp.*, 165 AD2d 75, 80).

The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion. The key factors to be considered are whether the petitioning party demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Matter of Shapiro v County of Nassau*, 208 AD2d 545; *Matter of Townsend v New York City Hous. Auth.*, 194 AD2d 795; General Municipal Law § 50-e [5]).

Here the notice of claim was not served until 15 months after the accident. The plaintiff did not offer a reasonable excuse for her failure to timely serve a notice of claim and did not establish that the NYCTA had timely notice of the essential facts of her claim (*see, e.g., Thompson v New York City Health & Hosps. Corp.*, 172 AD2d 433). The plaintiff's husband died from injuries he sustained in a collision with a vehicle driven by the defendant Mack Allen. There was no evidence that the NYCTA was aware, prior to service of the notice of claim, of the plaintiff's allegation that the actions of an off-duty NYCTA police officer, who was involved in an earlier accident with Allen, contributed to the accident. Moreover, the plaintiff failed

to rebut the NYCTA's contention that it will be prejudiced in its ability to conduct an investigation of the claim due to this delay (*see, Matter of Sosa v City of New York*, 206 AD2d 374). O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.