■ YVETTE MACK et al., Appellants, v CITY OF NEW YORK et al., Respondents. [696 NYS2d 206] —In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 12, 1998, as denied their motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim with respect to the claim alleging conscious pain and suffering and granted that branch of the defendants' cross motion which was to dismiss the cause of action to recover damages therefor.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs' decedent, Roosevelt Mack, drowned on August 8, 1996, in Coney Island Creek near a public school. On December 5, 1996, the plaintiffs served a notice of claim on the City of New York, the New York City Board of Education and the New York City Department of Parks and Recreation (hereinafter referred to collectively as the City) alleging conscious pain and suffering and wrongful death. The notice of claim was rejected by the City on the ground that it was not served within 90 days of the occurrence. Nearly a year later, on November 5, 1997, the plaintiffs simultaneously served a notice of claim, moved for leave to serve a late notice of claim with respect to the claim alleging conscious pain and suffering, and filed a summons and complaint. There is no dispute that the November 5, 1997, notice of claim was timely with respect

to the wrongful death claim, as it was served within 90 days of the appointment of a representative of the decedent's estate (*see,* General Municipal Law § 50-e [1] [a]).

We conclude that the Supreme Court providently exercised its discretion, *inter alia,* in denying the plaintiffs' motion. A cause of action to recover damages for conscious pain and suffering is materially distinct from a cause of action to recover damages for wrongful death, and the plaintiffs were required to serve a notice of claim within 90 days of the occurrence (*see, Jae Woo Yoo v New York City Health & Hosps. Corp.,* 239 AD2d 267). The plaintiffs failed to offer a reasonable excuse for the delay of nearly a year in requesting permission to serve a late notice of claim, after the December 5, 1996, notice of claim was rejected as untimely, and they failed to demonstrate that the defendants had actual knowledge of the nature of the claim within 90 days of the accident (*see, Johnson v County of Suffolk,* 238 AD2d 480; *Joseph v New York City Tr. Auth.,* 237 AD2d 255; *Matter of Shapiro v County of Nassau,* 208 AD2d 545; General Municipal Law § 50-e [5]).

The plaintiffs may not rely on the December 5, 1996, notice of claim to establish actual knowledge, since it was served without leave of court and was therefore a nullity (*see, Kokkinos v Dormitory Auth.,* 238 AD2d 550). Although the plaintiffs contend that the City received notice of the facts because of a police investigation, no police reports were included in the motion papers. The plaintiffs offered no proof that the police investigation of the accident would have provided the City with notice of their claim that it negligently maintained a fence and grounds near the creek (*see, Matter of Deegan v City of New York,* 227 AD2d 620; *Matter of Shapiro v County of Nassau, supra*). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.