■ In the Matter of Lois ROSENBLATT, as Public Administrator for the Estate of KALIF TURNER, Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [53 NYS3d 119]—

In a proceeding pursuant to General Municipal Law § 50-e (5) and (6) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, and for leave to amend a notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Weston, J.), dated June 5, 2015, which denied the petition and dismissed the proceeding.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying that branch of the petition which was for leave to amend the notice of claim to substitute the public administrator as the party claimant and dismissing the proceeding with respect to that issue, and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed, without costs or disbursements.

On October 16, 2013, the petitioner's decedent died at the respondent's hospital in Kings County. Almost one year later, on October 15, 2014, the petitioner, who was then the proposed public administrator of the decedent's estate, served a notice of claim on the respondent alleging conscious pain and suffering and wrongful death. On November 7, 2014, the petitioner was appointed as administrator of the decedent's estate. By notice of petition dated December 18, 2014, the petitioner sought leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc, and to amend the notice of claim to substitute the petitioner, in her capacity as the appointed public administrator of the decedent's estate, as the party claimant. The Supreme Court denied the petition and dismissed the proceeding.

It is undisputed that the October 15, 2014, notice of claim was timely with respect to the wrongful death claim, as it was served within 90 days of the appointment of the public administrator of the decedent's estate (see General Municipal Law § 50-e [1] [a]). Accordingly, the Supreme Court properly denied as unnecessary that branch of the petition which was for leave to serve a late notice of claim with respect to the wrongful death claim or to deem so much of the late notice of claim as alleged a wrongful death claim timely served nunc pro

tunc (*see* General Municipal Law § 50-e [1] [a]; *Mack v City of New York*, 265 AD2d 308, 308-309 [1999]).

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim with respect to the claim alleging conscious pain and suffering or to deem so much of the late notice of claim as alleged conscious pain and suffering timely served nunc pro tunc. Under General Municipal Law § 50-e (5), in determining whether to grant an extension of time to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d 672, 675 [2016]; *Matter of Lawhorne v City of New York*, 133 AD3d 856 [2015]; *Matter of Murray v Village of Malverne*, 118 AD3d 798, 799 [2014]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). Additional factors in determining whether to grant such an extension include whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, and whether the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Murray v Village of Malverne*, 118 AD3d at 799; *Matter of Sanchez v City of New York*, 116 AD3d 703, 704 [2014]).

Contrary to the petitioner's contention, the respondent did not acquire actual knowledge of the essential facts constituting the claim to recover damages for conscious pain and suffering within the requisite 90-day period or a reasonable time thereafter by virtue of its possession of hospital records relating to the decedent's death (*see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d at 677; *Williams v Nassau County Med. Ctr.*, 6 NY3d at 537). A medical provider's mere possession or creation of medical records does not establish that it had "actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on" the claimant (*Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d at 677 [internal quotation marks omitted], citing *Williams v Nassau County Med. Ctr.*, 6 NY3d at 537; *see Hudson v Patel*,

146 AD3d 758 [2017]; *Matter of Ramos-Elizares v Westchester County Healthcare Corp.*, 94 AD3d 1130, 1131 [2012]). Furthermore, the petitioner failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the lengthy delay in filing the petition (*cf. Matter of Rojas v New York City Health & Hosps. Corp.*, 127 AD3d 870, 872 [2015]). Even assuming that the petitioner met its initial burden to show that the late notice will not substantially prejudice the respondent, and that the respondent failed to make "a particularized evidentiary showing that [it] will be substantially prejudiced if the late notice is allowed" in response (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 467 [2016]), upon consideration of the balance of the relevant factors (*see* General Municipal Law § 50-e [5]), the Supreme Court providently exercised its discretion in denying leave to serve a late notice of claim with respect to the cause of action alleging conscious pain and suffering (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]).

However, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which was for leave to amend the October 15, 2014, notice of claim to substitute the appointed public administrator as the party claimant. The respondent was timely notified of the wrongful death claim which the public administrator sought to assert, since the petition was made within 90 days of the appointment of the public administrator, the wrongful death claim was based upon the same facts set forth in the October 15, 2014, notice of claim served by the proposed public administrator, and there was no prejudice to the respondent (*see* General Municipal Law § 50-e [6]; *Winbush v City of Mount Vernon*, 306 NY 327 [1954]; *Fulgum v Town of Cortlandt Manor*, 19 AD3d 444, 446 [2005]; *Garcia v New York City Hous. Auth. Police Dept.*, 202 AD2d 471, 472 [1994]; *Dodd v Warren*, 110 AD2d 807, 808 [1985]). Rivera, J.P., Roman, Miller and Duffy, JJ., concur.