Matter of Salazar v City of New York (2023 NY Slip Op 00095)

Matter of Salazar v City of New York

2023 NY Slip Op 00095

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-02891
 (Index No. 721741/19)

[*1]In the Matter of Lillian Salazar, petitioner-respondent,
v
City of New York, appellant, et al., respondents.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Janet L. Zaleon of counsel), for appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Christopher J. Soverow, and Joshua B. Block], of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered March 22, 2021. The order, insofar as appealed from, granted that branch of the petition which was for leave serve a late notice of claim upon the City of New York.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the petition which was for leave to serve a late notice of claim upon the City of New York is denied.
On January 2, 2019, the petitioner was crossing a street in Queens when she allegedly tripped and fell due to a defect in the road, after which she was struck by a motor vehicle that dragged her for some distance. The petitioner was taken to a hospital where she underwent several surgeries for her injuries, and due to complications from the accident, she was transferred between the hospital and a rehabilitation facility several times before finally being discharged in April 2019. The New York City Police Department (hereinafter the NYPD) completed an accident report at the scene and later concluded its investigation in February 2019.
On May 3, 2019, the petitioner's counsel made a request to the NYPD pursuant to the Freedom of Information Law (hereinafter FOIL) for records pertaining to the accident, and a complete response was received on September 3, 2019. On August 12, 2019, and December 10, 2019, the petitioner's counsel made FOIL requests to the New York City Department of Transportation (hereinafter the DOT) for records regarding road work performed at the site of the accident. The DOT indicated that it would not respond to the FOIL request until May 8, 2020.
Approximately one year after the accident, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York, among others. The Supreme Court granted that branch of the petition which was for leave to serve a late notice of claim upon the City, and the City appeals.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation generally must serve a notice of claim on the prospective defendant "within ninety days after the claim arises" (see Matter of Newcomb v Middle Country Cent. School Dist., 28 NY3d 455, 460). In determining whether to grant leave to serve a late notice of claim, "the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for failing to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Bermudez v City of New York, 167 AD3d 733, 734; see General Municipal Law § 50-e[5]; Matter of D'Agostino v City of New York, 146 AD3d 880, 880).
Here, the petitioner's initial delay in serving a notice of claim upon the City was reasonable, as she provided evidence that she was incapacitated until April 2019 (see Matter of Haeg v County of Suffolk, 30 AD3d 519, 520; Matter of Olsen v County of Nassau, 14 AD3d 706, 707). However, the petitioner failed to demonstrate a reasonable excuse for the additional nine-month delay between the time she was released from the hospital and the time she commenced this proceeding for leave to serve a late notice of claim (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Matter of Kumar v Dormitory Auth. of the State of N.Y., 150 AD3d 1117, 1118).
Contrary to the petitioner's contention, the evidence submitted in support of the petition failed to establish that the City acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Matter of Bermudez v City of New York, 167 AD3d at 734; Ramirez v City of New York, 139 AD3d 695, 695-696). The police accident report, the NYPD investigative documents, and the FOIL requests to the NYPD and the DOT did not contain facts from which it can be "readily inferred that a potentially actionable wrong had been committed" by the City (Matter of Clarke v Veolia Transp. Servs., Inc., 204 AD3d 666, 667).
In addition, the petitioner failed to satisfy her initial burden of demonstrating that the City would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467-468; Matter of Bermudez v City of New York, 167 AD3d at 735).
Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim upon the City.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court