Lobos v City of New York (2023 NY Slip Op 04310)

Lobos v City of New York

2023 NY Slip Op 04310

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-01124
 (Index No. 723637/21)

[*1]Karen Lobos, et al., appellants,
v
City of New York, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Lorenzo Di Silvio and Kevin Osowski of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated February 10, 2022. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On April 1, 2021, the petitioners allegedly were injured when a Mercedes, which police officers employed by the New York Police Department (hereinafter the NYPD) allegedly were pursuing in a high-speed chase, ran a red light and struck the petitioners' vehicle. On October 21, 2021, the petitioners commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to file a late notice of claim upon the City of New York. In support of their petition, the petitioners, submitted, inter alia, a police report of the accident, and their own affidavits in which they each averred that, while they were in the hospital, an unidentified individual with "internal affairs" for the NYPD told them that the police were in pursuit of the Mercedes at the time of the accident. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
A party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Brown v City of New York, 202 AD3d 783, 783 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Matter of Reddick v New York City Hous. Auth., 188 AD3d 890, 890). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the [*2]municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Mohamed v New York City, 139 AD3d 858, 858 [internal quotation marks omitted]; see Matter of Placido v County of Orange, 112 AD3d 722, 723).
Here, the petitioners failed to demonstrate that the City obtained timely, actual knowledge of the essential facts constituting the claim (see Parker v City of New York, 206 AD3d 936, 937; Matter of Wieman-Gibson v County of Suffolk, 206 AD3d 666, 667; Joseph v New York City Tr. Auth., 237 AD2d 255, 256). In order for a municipality to have actual knowledge of the essential facts constituting the claim, "[it] must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148; see Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 911). Unsubstantiated and conclusory assertions that the municipality acquired timely actual knowledge of the essential facts constituting the claim through the contents of reports and other documentation are insufficient (see Parker v City of New York, 206 AD3d at 938; Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140; Matter of Padgett v City of New York, 78 AD3d 949, 950).
Contrary to the petitioners' contention, the petitioners' statements in their affidavits regarding an unidentified individual with "internal affairs" for the NYPD, who allegedly told the petitioners that the police were in active pursuit of the Mercedes at the time of the accident, do not demonstrate that the City obtained timely actual knowledge of the essential facts constituting the petitioners' claims (see Matter of Camilleri v County of Suffolk, 190 AD2d 669; see also Facey v City of New York, 150 AD3d 826, 827). Moreover, the police report does not indicate that an NYPD vehicle was engaged in a high-speed chase with the Mercedes at the time of the accident, nor does it indicate that an NYPD vehicle was even involved in the accident (see Matter of Wieman-Gibson v County of Suffolk, 206 AD3d at 667; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770; Joseph v New York City Tr. Auth., 237 AD2d at 255).
The petitioners also failed to provide a reasonable excuse for their failure to serve a timely notice of claim (see Matter of Bhargava v City of New York, 130 AD3d 819, 820; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791; see generally Durand v MV Transp., Inc., 186 AD3d 564; Matter of Brooks v County of Suffolk, 177 AD3d 969, 972; cf. Giretti v Greenlawn Fire Dept., 80 AD2d 883, 884).
Finally, the petitioners failed to meet their initial burden of coming forward with "some evidence or plausible argument" supporting a finding that the City was not substantially prejudiced by the delay (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Parker v City of New York, 206 AD3d at 938; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1001; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1049).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court