Matter of Dutra v City of New York (2024 NY Slip Op 00627)

Matter of Dutra v City of New York

2024 NY Slip Op 00627

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-03443
 (Index No. 722246/21)

[*1]In the Matter of Vornen Dutra, petitioner-appellant,
v
City of New York, respondent.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for petitioner-appellant.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 10, 2021. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
On August 27, 2020, the petitioner allegedly was injured while working in a roadway in Queens when a stack of wood piled near the roadway fell onto him. On October 5, 2021, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for failing to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Salazar v City of New York, 212 AD3d 633, 634 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Lobos v City of New York, 219 AD3d 720, 721-722; Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 491). "The presence or absence of any one of these factors is not dispositive" (Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 644 [internal quotation marks omitted]; see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660).
Here, the petitioner demonstrated that the period to timely serve a notice of claim was tolled by the executive orders issued during the COVID-19 pandemic, and began to run on November 4, 2020 (see Espinal v Port Auth. of N.Y. & N.J., 213 AD3d 101, 102; see generally Brash v Richards, 195 AD3d 582). However, he failed to offer a reasonable excuse for his additional eight-month delay in commencing this proceeding, following the expiration of the 90-day statutory period. [*2]The petitioner failed to demonstrate that he was incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (see Matter of Smith v Westchester County Health Care Corp., 165 AD3d 1150, 1151; Matter of Ashkenazie v City of New York, 165 AD3d 785, 786; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850).
Further, the evidence submitted by the petitioner did not establish that the City had actual knowledge of the essential facts constituting the claim within the requisite period or a reasonable time thereafter (see Parker v City of New York, 206 AD3d 936, 937; Matter of Wieman-Gibson v County of Suffolk, 206 AD3d 666, 667). "[T]he mere alleged existence of reports and records, without evidence of their content, is insufficient to impute actual knowledge to the City" (Parker v City of New York, 202 AD3d at 938; see Etienne v City of New York, 189 AD3d 1400, 1402).
Finally, the petitioner failed to meet his initial burden of demonstrating that the City
would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Salazar v City of New York, 212 AD3d at 635; Parker v City of New York, 206 AD3d at 938).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court