Matter of Mandelbaum v City of New York (2024 NY Slip Op 04141)

Matter of Mandelbaum v City of New York

2024 NY Slip Op 04141

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-01883
 (Index No. 513617/21)

[*1]In the Matter of Ellen Mandelbaum, appellant,
v
City of New York, respondent.

Richard Paul Stone, New York, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for respondent

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 4, 2022. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On October 31, 2020, the petitioner was walking on the Riegelmann Boardwalk in Brooklyn when she allegedly tripped on protruding nails. The petitioner was taken to a hospital where she underwent surgery for her injuries and, due to complications, was transferred between the hospital and a rehabilitation facility several times before finally being discharged to a nursing center on December 28, 2020. The petitioner retained counsel on March 30, 2021, and served a notice of claim upon the City of New York without leave of court on April 21, 2021. This notice of claim was rejected on April 22, 2021. In June 2021, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
A party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "'In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits'" (Lobos v City of New York, 219 AD3d 720, 721, quoting Matter of Brown v City of New York, 202 AD3d 783, 783; see General Municipal Law § 50-e[5]). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Lobos v City of New York, 219 AD3d at 721, quoting Matter of Mohamed v New York City, 139 AD3d 858, 858).
Here, the petitioner's initial delay in serving a notice of claim upon the City was reasonable, as she provided evidence that she was incapacitated until March 2021 (see Matter of Salazar v City of New York, 212 AD3d 633, 634; Matter of Olsen v County of Nassau, 14 AD3d 706, 707). However, the petitioner failed to demonstrate a reasonable excuse for the additional delay between the time she retained counsel and the time she commenced this proceeding for leave to serve a late notice of claim (see Matter of Salazar v City of New York, 212 AD3d at 634-635; see generally Matter of Naar v City of New York, 161 AD3d 1081, 1083).
Contrary to the petitioner's contention, the evidence submitted in support of the petition failed to establish that the City acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Matter of Vincent v City of New York, 208 AD3d 589, 590; Matter of Suraty v City of New York, 188 AD3d 702, 703).
In addition, the petitioner failed to satisfy her initial burden of demonstrating that the City would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467-468; Matter of Salazar v City of New York, 212 AD3d at 635).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim upon the City and dismissing the proceeding.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court