Matter of Crowder v New York City Sch. Constr. Auth. (2024 NY Slip Op 04137)

Matter of Crowder v New York City Sch. Constr. Auth.

2024 NY Slip Op 04137

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-04006
 (Index No. 727268/22)

[*1]In the Matter of Daniel Crowder, appellant, 
v
New York City School Construction Authority, et al., respondents.

Cannata, Hendele & Cannata, LLP, New York, NY (Alison Cannata Hendele of counsel), for appellant.
Cullen and Dykman LLP, New York, NY (Won J. Sohng of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 11, 2023. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly was injured in the course of his employment while demolishing a wall at a public school in Queens County. The petitioner subsequently commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the respondents or to deem a late notice of claim timely served nunc pro tunc. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
General Municipal Law § 50-e(1)(a) provides that in any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action against a public corporation, the notice of claim shall comply with and be served in accordance with the provisions of General Municipal Law § 50-e within 90 days after the claim arises. General Municipal Law § 50-e(5) provides that the court, in its discretion, may extend the time to serve a notice of claim. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within the time specified in General Municipal Law § 50-e(1) or within a reasonable time thereafter (see Matter of Anghel v Town of Hempstead, 223 AD3d 901, 902). The court shall also consider all other relevant facts and circumstances, including whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits and whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim (see id.). While the presence or the absence of any one of the factors is not necessarily determinative, whether the public corporation had actual knowledge of the essential facts constituting the claim is of great importance (see id.; Lobos v City of New York, 219 AD3d 720, 721; Matter of Pil-Yong Yoo v County of Suffolk, 215 AD3d 852, 854).
Here, the petitioner failed to show that the respondents had actual knowledge of the facts underlying the legal theories on which liability was predicated in the notice of claim (see generally Lobos v City of New York, 219 AD3d at 721; Matter of Charles v County of Orange, N.Y., 164 AD3d 1232, 1233). The petitioner also failed to meet his initial burden of showing that the late notice would not substantially prejudice the respondents, as he failed to present evidence or a plausible argument supporting a finding of no substantial prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466-467; N.F. v City of New York, 161 AD3d 1046, 1048).
In addition, the petitioner failed to establish that he had a reasonable excuse for his delay in serving a timely notice of claim. The petitioner provided no medical records or other supporting evidence to establish that his injuries prevented him from complying with the 90-day deadline to serve a notice of claim (see Matter of Fernandez v City of New York, 131 AD3d 532, 533; Matter of Minkowicz v City of New York, 100 AD3d 1000, 1000). Thus, the petitioner failed to demonstrate that he was incapacitated to such an extent that he could not have complied with that deadline (see Matter of Dutra v City of New York, 224 AD3d 682, 683).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim or to deem the notice of claim timely served nunc pro tunc and dismissing the proceeding (see Matter of Nadler v City of New York, 166 AD3d 618).
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court