Stewart v City of Mount Vernon (2024 NY Slip Op 04411)

Stewart v City of Mount Vernon

2024 NY Slip Op 04411

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-05105
 (Index No. 55183/22)

[*1]Tiffany Stewart, appellant, 
v
City of Mount Vernon, respondent

Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellant.
Brian G. Johnson, Corporation Counsel, Mount Vernon, NY (Anthony Odorisi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of gender in violation of the New York State Human Rights Law (Executive Law §§ 291; 296), the plaintiff appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated June 7, 2022. The order granted the defendant's motion, in effect, pursuant to CPLR 3211(a) to dismiss the amended complaint and denied the plaintiff's cross-motion for leave to serve a late notice of claim.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law (Executive Law §§ 291; 296). The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint for failure to serve a timely notice of claim pursuant to Charter of the City of Mount Vernon (hereinafter City Charter) § 265 or, alternatively, for failure to state a cause of action. Subsequently, the plaintiff filed an amended complaint as of right, alleging that the City of Mount Vernon Fire Department's policies and practices relating to hiring new firefighters had a disparate impact on female applicants in violation of the New York State Human Rights Law, and cross-moved pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The defendant opposed the plaintiff's cross-motion and, in further support of its motion to dismiss, the defendant contended, inter alia, that the plaintiff's failure to serve a timely notice of claim warranted dismissal of the amended complaint. In an order dated June 7, 2022, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The defendant appeals.
Initially, we note that since the defendant, in effect, elected to apply its motion pursuant to CPLR 3211(a) to dismiss to the amended complaint, which superseded the original complaint, the Supreme Court properly considered the motion as directed against the amended complaint (see Tueme v Lezma, 217 AD3d 715, 716; Estate of Feenin v Bombace Wine & Spirits, Inc., 188 AD3d 1001, 1003).
Under City Charter § 265, a party must serve a written notice of claim in compliance with General Municipal Law § 50-e as a condition precedent to commencing "a civil action for [*2]damages or injuries to person or property or invasion of personal or property rights of any name or nature whatsoever, whether casual or continuing, arising at law or equity" against the defendant. General Municipal Law § 50-e(3)(a) requires that a party deliver "a copy [of the notice of claim] personally, or by registered or certified mail, to the person designated by law as one to whom a summons in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation." General Municipal Law § 50-e(1) provides, in pertinent part, that a notice of claim must be served "within ninety days after the claim arises." The requirement of City Charter § 265 to serve a notice of claim as a condition precedent to a "civil action . . . of any name or nature whatsoever, . . . arising at law or in equity," applies to the plaintiff's causes of action pursuant to the New York State Human Rights Law asserted in the amended complaint (see Fair v City of Mount Vernon, 210 AD3d 868, 869).
Contrary to the plaintiff's contentions, she was not exempted from the notice of claim requirement of City Charter § 265 under the public interest exception (see Seifullah v City of New York, 161 AD3d 1206, 1207; Matter of Fotopoulos v Board of Fire Commrs. of the Hicksville Fire Dist., 161 AD3d 733, 734). The plaintiff primarily seeks relief for alleged violations of her personal rights in the form of money damages for lost wages, in addition to compensatory and punitive damages (see Mills v County of Monroe, 59 NY2d 307, 312; Mirro v City of New York, 159 AD3d 964, 967).
Pursuant to General Municipal Law § 50-e(5), the Supreme Court has discretion to grant leave to serve a late notice of claim under certain circumstances. In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) a public corporation had actual knowledge of the essential facts constituting the plaintiff's specific claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would not substantially prejudice the public corporation in its defense on the merits (see Lobos v City of New York, 219 AD3d 720, 722; Matter of Brown v City of New York, 202 AD3d 783, 783). "'While the presence or absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Lobos v City of New York, 219 AD3d at 721, quoting Matter of Mohamed v New York City, 139 AD3d 858, 858).
Here, the plaintiff failed to demonstrate that the defendant had actual knowledge of the essential facts constituting the plaintiff's claim within 90 days after the claim arose or a reasonable time thereafter (see Durand v MV Transp., Inc., 186 AD3d 564, 566; Matter of D.S. v South Huntington Union Free Sch. Dist., 176 AD3d 1075, 1077) or to provide a reasonable excuse for not serving a timely notice of claim (see Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850). Further, the plaintiff failed to meet her initial burden of coming forward with "some evidence or plausible argument supporting a finding that the [defendant] was not substantially prejudiced by the delay" (Lobos v City of New York, 219 AD3d at 722 [internal quotation marks omitted]; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467).
Accordingly, the Supreme Court properly granted the defendant's motion, in effect, pursuant to CPLR 3211(a) to dismiss the amended complaint and denied the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim.
The plaintiff's remaining contentions are without merit.
BARROS, J.P., WOOTEN, WARHIT, and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court