Matter of DeGarmo v City of New York (2025 NY Slip Op 02342)

Matter of DeGarmo v City of New York

2025 NY Slip Op 02342

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-04518
 (Index No. 724911/22)

[*1]In the Matter of Cathleen DeGarmo, appellant,
v
City of New York, et al., respondents.

Borrell & Riso, LLP, Staten Island, NY (John Riso of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Geoffrey E. Curfman of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered March 9, 2023. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner, a special education teacher, allegedly was injured on three separate occasions by the same special education student at an elementary school in Queens. These incidents allegedly occurred on September 21, 2021, November 12, 2021, and November 30, 2021, and incident reports were filled out on the same dates, signed by the petitioner's supervisor, and submitted to the school principal.
In November 2022, the petitioner served the respondents with a late notice of claim. Approximately six days later, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. By order entered March 9, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Lobos v City of New York, 219 AD3d 720, 721 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Matter of D'Agostino v City of New York, 146 AD3d 880; Hudson v Patel, 146 AD3d 758, 759; Kuterman v City of New York, 121 AD3d 646, 647; Matter of Valila v Town of Hempstead, [*2]107 AD3d 813, 814).
"While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Lobos v City of New York, 219 AD3d at 721 [internal quotation marks omitted]). Significantly, knowledge of the incident itself does not satisfy this enumerated factor where those facts do not also provide the municipality with knowledge of the essential facts constituting the claim (see C.A. v Academy Charter Sch., 216 AD3d 1075, 1077; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 155).
Here, the petitioner failed to demonstrate that the respondents acquired timely, actual knowledge of the essential facts constituting the claim. The incident reports merely informed the respondents that the student had injured the petitioner by, inter alia, scratching and punching her. The reports did not provide the respondents with actual knowledge of the essential facts underlying the claim later asserted—that the student was negligently supervised (see Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353-1354; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 150; Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d 1104, 1106; Matter of Dunlea v Mahopac Cent. School Dist., 232 AD2d 558, 559).
In addition, the petitioner failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim. A petitioner's "ignorance" of the statutory requirement to serve a notice of claim within the 90-day period does not constitute a reasonable excuse (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214; Matter of Fernandez v City of New York, 131 AD3d 532, 533; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791; Matter of Bell v City of NY, 100 AD3d 990, 990).
Finally, the petitioner failed to meet her initial burden of coming forward with "some evidence or plausible argument" supporting a finding that the respondents were not substantially prejudiced by the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Lobos v City of New York, 219 AD3d at 722; Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 492).
We need not reach the parties' remaining contentions in light of our determination.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court