Cruceta v New York City Tr. Auth. (2025 NY Slip Op 07375)

Cruceta v New York City Tr. Auth.

2025 NY Slip Op 07375

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-06619
 (Index No. 531347/23)

[*1]Katherine Cruceta, etc., respondent,
vNew York City Transit Authority, appellant.

Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for wrongful death and personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated March 22, 2024. The order granted that branch of the plaintiff's motion which was pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc is denied.
On March 12, 2023, the plaintiff's decedent allegedly was struck and killed by a northbound "J" subway train at the Cleveland Street station in Brooklyn. On July 19, 2023, the plaintiff, as the proposed administrator of the decedent's estate, served a notice of claim on the defendant, New York City Transit Authority (hereinafter NYCTA) (see General Municipal Law § 50-e[1][a]), and NYCTA rejected the notice of claim based on it allegedly being untimely served. In October 2023, the plaintiff commenced this action and thereafter moved pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the late notice of claim served on July 19, 2023, timely served nunc pro tunc. In an order dated March 22, 2024, the Supreme Court granted that branch of the plaintiff's motion which was to deem the July 19, 2023 notice of claim timely served nunc pro tunc. NYCTA appeals.
A notice of claim is a condition precedent to an action or special proceeding sounding in tort against a public corporation (see id. § 50-e[1][a]). Pursuant to General Municipal Law § 50-e(1)(a), "the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises; except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent's estate." In this case, as NYCTA acknowledges, at the time the plaintiff served the notice of claim on July 19, 2023, she had not been appointed the administrator of the decedent's estate. As such, with respect to the claim alleging wrongful death, the notice of claim served on July 19, 2023, was timely (see id.; Matter of Rosenblatt v New York City Health & Hosps. Corp., 149 AD3d 961, 961-962; Mack v City of New York, 265 AD2d 308, 308). Therefore, the Supreme Court should have denied as unnecessary that branch of the plaintiff's motion which was to deem so much of the late notice of claim as alleged a wrongful death claim timely served nunc pro tunc (see Matter of Rosenblatt v New York City Health & Hosps. Corp., 149 AD3d at 961-962; Mack v City of New York, 265 AD2d at 308).
Furthermore, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to deem so much of the late notice of claim as alleged a claim to recover damages for conscious pain and suffering timely served nunc pro tunc. Pursuant to General Municipal Law § 50-e(5), "[i]n determining whether to grant an application for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, 872; see General Municipal Law § 50-e[5]; Matter of Guerre v New York City Tr. Auth., 226 AD3d 897, 898). "Although the presence or absence of any one factor is not determinative, whether the municipality [or public corporation] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter is of great importance" (Jara v Elmhurst Hosp. Ctr., 213 AD3d 653, 654 [internal quotation marks omitted]; see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898). Additional factors in determining whether to grant such an extension include whether the plaintiff demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, and whether the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Rosenblatt v New York City Health & Hosps. Corp., 149 AD3d at 962).
Here, NYCTA did not acquire actual knowledge of the essential facts constituting the claim to recover damages for conscious pain and suffering within a reasonable time after the expiration of the 90-day statutory period (see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898; Matter of Ashkenazie v City of New York, 165 AD3d 785, 786). "A late notice of claim served without leave of court is a nullity" (Chtchannikova v City of New York, 138 AD3d 908, 909; see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898). Under the circumstances presented, where NYCTA rejected the notice of claim and disallowed the claim based on the untimely service, the plaintiff's late notice of claim did not provide NYCTA with actual knowledge (see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898; Matter of Ashkenazie v City of New York, 165 AD3d at 785-787). Furthermore, the plaintiff failed to proffer any other evidence that was sufficient to provide NYCTA with actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim to recover damages for conscious pain and suffering or within a reasonable time thereafter (see Matter of Jaime v City of New York, 41 NY3d 531, 543; cf. Feduniak v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.], 170 AD3d 663, 665; Erichson v City of Poughkeepsie Police Dept., 66 AD3d 820).
As to the other relevant factors, the plaintiff failed to demonstrate a reasonable excuse for her failure to timely serve the notice of claim (see Parker v City of New York, 206 AD3d 936, 937-938; Matter of Mitchell v Town of Greenburgh, 96 AD3d 852, 853) or for the delay of an additional 3½ months in moving for relief after her late notice of claim was rejected (see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 899; Matter of Maggio v City of New York, 137 AD3d 1282, 1283). The plaintiff also failed to meet her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466) to support a finding that NYCTA was not substantially prejudiced by the approximately four-month delay from the expiration of the 90-day statutory period until the commencement of the action (see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 899; Matter of Brown v City of New York, 174 AD3d 800, 802).
NYCTA's remaining contention is without merit.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was to deem the late notice of claim served on July 19, 2023, timely served nunc pro tunc.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court