Matter of Pena v City of New York

2026 NY Slip Op 02459

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Joseph Pena etc., Petitioner-Appellant,

v

The City of New York et al., Respondents-Respondents.

Decided and Entered: April 23, 2026

Index No. 157902/24|Appeal No. 6443|Case No. 2025-06734|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Zimmerman, Law, PC., Huntington Station (Harrison Edwards of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about December 9, 2024, which denied petitioner's amended petition for leave to file a late notice of claim against respondents the New York Police Department (NYPD), Matthew D. Jackson, and the City of New York (collectively, the City) and to deem the notice of claim, filed July 1, 2024, timely filed, nunc pro tunc, unanimously affirmed, without costs.

Petitioner failed to satisfy his burden of establishing that the City acquired actual knowledge of the essential facts of his claim within 90 days of its accrual or within a reasonable time thereafter (General Municipal Law § 50-e [5]; see Cassidy v New York City Tr. Auth., 238 AD3d 484, 485 [1st Dept 2025]; Zapata v New York City Hous. Auth., 115 AD3d 606, 606 [1st Dept 2014]). Petitioner's allegation that an NYPD police officer caused the accident by engaging in a high-speed chase, causing a collision between the vehicle that was being pursued and the bus petitioner was operating, is insufficient to satisfy that burden because it does not constitute facts or evidence (see Matter of Jaime v City of New York, 41 NY3d 531, 543 [2024]). Nor does petitioner's assumption that the City investigated the accident establish that it actually acquired the requisite knowledge of the essential facts (see Rivera v New York City Dept. of Transp., 235 AD3d 510, 511 [1st Dept 2025]).

The police accident report annexed to petitioner's leave application did not establish that the City had actual knowledge of the facts supporting his theory of liability, because it did not indicate that the NYPD vehicle was negligently engaged in a high-speed chase with the nonparty's vehicle or that the NYPD vehicle caused the accident (see Matter of Kayam v City of New York, 237 AD3d 474, 475 [1st Dept 2025]; Lobos v City of New York, 219 AD3d 720, 722 [2d Dept 2023]).

The incomplete notice of claim which petitioner allegedly served on the City on April 23, 2024, about six months after the expiration of the 90-day statutory deadline to file a timely notice of claim, is not in the record. In any event, that late notice could not have provided the City with actual notice because "without leave of court, [it] was a nullity" (Cassidy, 238 AD3d at 485 [1st Dept 2025]).

Finally, petitioner failed to carry his burden of demonstrating that the City was not prejudiced by the delay in filing the notice of claim; accordingly, the burden never shifted to the City to make a particularized showing of prejudice to its ability to defend on the merits (see Matter of Cani v New York City Health & Hosps. Corp., 242 AD3d 408, 409 [1st Dept 2025]). Further, because petitioner failed to satisfy its burden in the first instance, it is irrelevant that the City did not oppose the leave application below.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026